Original

# CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 29 2016

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

Keway Quarterman, #959601
(Enter above the full name and prisoner identification number of the plaintiff.)

-vs-

1:16-CV-0644

Timothy Strickland; Ryan Jones; Thomas Appk; Darryl Moore; Kevin Romer; (Defendants Cont on Page 1-A
(Enter above the full name of the defendant(s).)

**I. Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with (1) the same facts involved in this action, or (2) otherwise relating to your imprisonment?

Yes ( ) No (✓)

B. If your answer to A (1) or (2) is yes, describe each lawsuit in the space below and tell us whether the "old" case involves the same facts or other issues. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff(s): ______________________

Defendant(s): ______________________

2. Court (if federal court, name the district; if state court, name the county):

______________________

3. Docket Number: ______________________

Defendants Cont'd. From Page One

Caleb Munson, Each In Their Individual And Official Capacity As Police Officers Of Atlanta Police Department; John Doe; John Doe; John Doe, Each In Their Individual And Official Capacity As Sheriff Deputies of Fulton County Jail,

Defendants.

## I. Previous Lawsuits (Cont'd)

4. Name of judge to whom case was assigned: ______________________

5. Did the previous case involve the same facts?

   Yes ( ) No ( )

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

   ______________________

   ______________________

7. Approximate date of filing lawsuit: ______________________

8. Approximate date of disposition: ______________________

## II. Exhaustion of Administrative Remedies

A. Place of Present Confinement: Autry State Prison

B. Is there a prisoner grievance procedure in this institution?

   Yes (✓) No ( )

C. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

   Yes ( ) No (✓)

D. If your answer is YES:

1. What steps did you take and what were the results?

   ______________________

   ______________________

   ______________________

   ______________________

   ______________________

2. If your answer is NO, explain why not: This Complaint Is Not Related To The Prison System

## III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff(s): Kenny Quarterman, #959601

______________________

______________________

______________________

**III. Parties (Cont'd)**

Address(es): Autry State Prison, D-3
3178 Mount Zion Church Road
P.O. Box 648
Pelham, Georgia 31779

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): Timothy Strickland

Employed as Police Officer

at Atlanta Police Department, 226 Peachtree Street, S.W. Atlanta, Georgia 30303
(Defendants Cont. On Page 3-B, attached Hereto)

**IV. Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Comes Now Kenny Quarterman, Pro Se, And files his Complaint And Demand For Jury Trial As follows:

1. This is A Complaint for damages that exceed fifty thousand dollars ($50,000.00).

2. Jurisdiction is based upon 28 U.S.C. SEC. 1331; 42 U.S.C. SEC. 1983; 42 U.S.C. SEC. 1985; 42 U.S.C. SEC. 1986; 18 U.S.C. SEC. 1961.

3. At All times material to this Action Defendant Timothy Strickland WAS A State Official And Acted AS A Police Officer For the Atlanta Police Department.

4. At All times material to this Action Defendants Ryan Jones; Thomas Aade; Darryl Moore; Kevin Romer; Caleb Munson WAS A State Official And Acted AS A Police Officer for the Atlanta Police Department.

Paragraph "B" Defendant Parties Cont'd.

Defendant(s): Ryan Jones

Employed As: Police Officer

At: Atlanta Police Department, 226 Peachtree Street, S.W., Atlanta, Georgia 30303

Defendant(s): Thomas Apple

Employed As: Sergeant

At: Atlanta Police Department, 226 Peachtree Street, S.W., Atlanta, Georgia 30303

Defendant(s): Darryl Moore

Employed As: Police Officer

At: Atlanta Police Department, 226 Peachtree Street, S.W., Atlanta, Georgia 30303

Defendant(s): Kevin Romer

Employed As: Police Officer

At: Atlanta Police Department, 226 Peachtree Street, S.W., Atlanta, Georgia 30303

Defendant - Parties Cont'd.

Defendant(s): Caleb Munson

Employed As: Police Officer

At: Atlanta Police Department, 226 Peachtree Street, S.W., Atlanta, Georgia 30303

Defendant(s): John Doe; John Doe; John Doe

Employed as: Sheriff Deputies

at: Fulton County Jail

**IV. Statement of Claim (Cont'd)**

5. At All times Material to this Action Defendants John Doe; John Doe; John Doe WAS A State official and Acted As A Sheriff for the Fulton County, Georgia, Sheriff's Department.

Count I.

False Arrest; Excessive Force In Effectuating Unlawful Arrest; And Aggravated Assault

1. That on October 2, 2014, As Plaintiff WAS walking Along Auburn Avenue in Fulton County, Georgia, Enroute to A package store, A homeless individual Stopped Plaintiff And asked for some spare change.

2. That during this brief encounter of Plaintiff with the homeless individual, Defendant Strickland Allegedly observed the Encounter between Plaintiff and the homeless individual And thereafter falsely Accused Plaintiff of making A drug transaction with the homeless individual.

3. That Defendant Strickland, Acting undercover, did radio Defendant Moore to Arrest the homeless individual, And Defendant Romer Entered the (Statement of Claim Cont. on Page 4-A, Attached hereto)

**V. Relief**

State briefly exactly what you want the Court to do for you. **Make no legal arguments. Cite no cases or statutes.**

Wherefore, Plaintiff prays judgement Against the defendants As follows:

1. That the Court does issue An Order that A hearing be held on the Evidentiary Matters in this case, And upon conclusion of same, that A date be set for A jury trial upon All issues triable by jury And All Meritorious issues in dispute;

2. That upon conclusion of trial And verdict favorable to Plaintiff, that the Court issue warrants for the Arrest of Each defendant whom have been found to have committed criminal acts Against Plaintiff / or refer Each criminal Act to A Court having jurisdiction for criminal prosecution;

3. That the Court grant declatory relief in favor of Plaintiff;

4. That the Plaintiff be Awarded punitive damages in the Amount of $100,000.00 from each defendant;

5. That the Court Award compensatory damages to Plaintiff in the Amount of $100,000.00 From Each defendant;

6. That the costs waived herein including, but not limited to,

**V. Relief (Cont'd)**

Attorney fees pursuant to 42 U.S.C. sec. 1988, be taxed against defendants; and

7. Such other and further relief as the Court may deem just, proper and/or equitable.

Signed this 12th day of February, 2016

Kenny Quarterman
Signature of Plaintiff

STATE OF Georgia
COUNTY (CITY) OF Mitchell

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON February 12, 2016
(Date)

Kenny Quarterman
Signature of Plaintiff

Statement Of Claim (Cont'd)

Package Store And arrested Plaintiff.

4. An initial search was conducted of Plaintiff and no drugs were located among his person.

5. After the stop, arrest, and search of Plaintiff by the Defendant, Plaintiff was then transported to the Zone 6 Boulevard Precinct in Atlanta, Georgia, along with the homeless individual (hereinafter referred to as Mr. Cooke) for processing.

6. Even After Plaintiff repeatedly informed the defendants, after he reached the Precinct, that he did not sell any drugs to Mr. Cooke, defendants did maliciously and sadistically assault Plaintiff at the Precinct when they attempted to search Plaintiff for drugs.

7. At the Precinct defendant Jones did place Plaintiff standing face against the wall and conducted a search of Plaintiff and while doing so, defendant Apple did apply what is called a face lock with two fingers just below Plaintiff's left ear to force Plaintiff to the floor which left defendant Apple on Plaintiff's back gaspering for air and screaming that he could not breathe where Plaintiff did become unconsciouse from the choking of defendant Apple where at such time defendants Moore, Romer, Munson, Jones, and Apple did remove Plaintiff's pants conducting a search of Plaintiff at which time defendant Jones did insert his finger into Plaintiff's anus.

8. During this assault and excessive use of force upon Plaintiff, Plaintiff did repeatedly request of the defendants for medical attention, with

Each requests being denied.

9. That when Plaintiff regained consciousness he heard defendants claim that they felt crack cocaine between Plaintiff's buttocks as defendant Apple continued to hold Plaintiff on the ground as he tried to reach in Plaintiff's underwear and seize what he alleged to be drugs.

10. That as a result of the illegal search of Plaintiff by the defendants, both at the initial arrest search and the illegal search of Plaintiff at the Precinct, the defendants did not discover nor recovered any type drugs from Plaintiff's person during either search, nor did the defendants discover and recover the alleged four (4) dollars the defendants alleged that Plaintiff received for the alleged sell of crack cocaine to Mr. Cooke. -Note- During the search of Plaintiff by the defendants, ten (10) dollars was found in Plaintiff's pockets by defendant Romer then returned to Plaintiff.

11. That immediately following the defendants malicious and sadistic assault and excessive use of force upon Plaintiff at Atlanta Precinct, defendant Jones then transported Plaintiff and Mr. Cooke to the Fulton County jail and upon arrival, defendant Jones did inform Fulton County deputies that Plaintiff possessed crack cocaine on his person inside his clothing where Plaintiff did inform Fulton County deputies that the defendants had just previously searched him twice and choking him unconscious, no drugs were located on his person.

12. That subsequent to defendant Jones informing Fulton County deputies that Plaintiff possessed crack cocaine on his person, Fulton County deputies (John Doe Defendants) did then forceably strip most of Plaintiff's

clothing from his person, and as a result of the forced strip search of Plaintiff, defendant Jones alleged that the Fulton County deputies discovered a plastic bag containing four hits of crack cocaine among Plaintiff's person and clothing.

13. That the drug charge against Plaintiff by the defendants was done through a manufactured procedure in conjunction with maliciously and sadistically aggravated assault and excessive force procedures.

14. That all of said acts of defendants, as alleged in paragraph nos. 1 through 13, above, were grossly malicious and brutal, and were deliberately and intentionally inflicted by them in pursuance of a conspiracy to falsely arrest Plaintiff, and for the purpose of permanently injuring and disabling Plaintiff.

15. That as a direct and proximate result of the actions of the defendants, as stated by Plaintiff, herein, Plaintiff suffered brutal and malicious attacks by the defendants, was choked unconscious and sustained great physical pain and mental anguish.

16. That Defendants policies, practices, customs, usages, omissions, negligence and intentional acts in failing to protect Plaintiff from danger and false arrest and the prevasive risk of harm upon actual and constructive knowledge of same were done with the purpose and intent of depriving Plaintiff of his right to be free from the acts of defendants, as presented in paragraph nos. 1 through 15, above, and of his right not to be deprived of his due process rights.

17. That Defendants policies, practices, customs and usages, omissions, negligence, and intentional acts in failing to protect Plaintiff in derogation of his constitutional rights were under color of state law.